UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| U.S. BANK NATIONAL ASSOCIATION, ) <br> d/b/a U.S. BANK EQUIPMENT FINANCE,) <br> ) <br> ) <br> Plaintiff, ) <br> v. ) <br> ) <br> AIC TECHNOLOGIES, INC., ) <br> AMIN HASSANIEN, and ) <br> ONE FAT FROG, INC. ) <br> ) <br> Defendants. ) | Case No. _____ |

## COMPLAINT

NOW COMES Plaintiff U.S. Bank National Association, d/b/a U.S. Bank Equipment Finance, ("U.S. Bank"), by and through counsel, and for its Complaint against AIC Technologies, Inc. ("AIC"), Amin Hassanien ("Hassanien") and One Fat Frog, Inc. ("Frog"), states as follows:

## PARTIES

1. U.S. Bank is a national bank organized under the laws of the United States. U.S. Bank maintains its charter in the State of Ohio and its main office is located in Cincinnati, Ohio.

2. AIC is a Florida corporation with its principal place of business located at 1801 Boice Pond Road, Building 100, Stuie 101, Orlando, Florida 32837.

1

3. Hassanien is a citizen of the State of Florida who maintains his domicile at 9085 Great Heron Circle, Orlando, Florida 32836. Mr. Hassanien is the President of AIC.

4. Frog is a Florida corporation with its principal place of business located at 2416 Sand Lake Road, Orlando, Florida 32809.

## JURISDICTION AND VENUE

5. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a)(1) insomuch as the parties are of diverse citizenship and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) and (2), because a substantial part of the events or omissions giving rise to U.S. Bank's claims occurred in this judicial district and because AIC and Frog and maintain their principal places of business in this judicial district, and Hassanien is a resident of this judicial district.

## FACTS COMMON TO ALL COUNTS

### A. THE XXX5016 EQUIPMENT FINANCE AGREEMENT

7. On or about September 15, 2020, U.S. Bank, as lender, and AIC, as borrower, entered into Equipment Finance Agreement No. XXX5016 (the "5016 Agreement"), wherein U.S. Bank agreed to finance AIC's acquisition of one (1) Cloos Welding System and Tooling (the "5016 Equipment") from Sunshine Tool, Inc., Sarasota,

Florida (the "Supplier"). A true and correct copy of the Agreement is attached hereto as Exhibit 1.

8. To induce U.S. Bank to enter into the 5016 Agreement, Hassanien executed a Continuing Personal Guaranty (the "5016 Guaranty") under which Hassanien personally guaranteed the full and prompt payment and performance of all of AIC's Management's obligations under the 5016 Agreement. *See* Exhibit 1, pg. 1.

9. To further induce U.S. Bank to enter into the 5016 Agreement, Frog executed a Guaranty (By a Business Organization) (the "5016 Business Guaranty") (together with the Agreement, the "5016 Contracts") under which Frog guaranteed the full and prompt payment and performance of all of AIC's obligations under the 5016 Agreement. *See* Exhibit 1, pg. 4.

10. U.S. Bank financed AIC's acquisition of the 5016 Equipment from the Supplier, thereby fulfilling its primary obligation under the terms of the Agreement.

11. Subject to the 5016 Agreement, U.S. Bank filed its Notice of Security Interest as to the 5016 Equipment with the Florida Secretary of State on September 14, 2020. A true and correct copy of the State of Florida Uniform Commercial Code Financing Statement Form is attached hereto as Exhibit 2.

12. On or about September 15, 2020, AIC took possession of the 5016 Equipment, and from September 15, 2020 to the present, AIC has used the 5016 Equipment to generate revenue for itself.

13. Pursuant to the 5016 Agreement, AIC agreed to make sixty (60) consecutive monthly payments of $ 3,638.35. *See* Exhibit 1, pg. 1.

14. AIC defaulted on the 5016 Agreement by failing to make all payments when due.

15. Hassanien failed to make payment as required pursuant to the 5016 Guaranty.

16. Frog failed to make payment as required pursuant to the 5016 Business Guaranty.

17. U.S. Bank has made demand on AIC, Hassanien and Frog to pay the current amount due under the 5016 Agreement, however, AIC, Hassanien and Frog have refused to pay said sum, or any part thereof.

18. Failure to make timely payments is an Event of Default under the Agreement and Guaranties. *See* Exhibit 1, ¶ 6.

19. As a result of AIC's, Hassanien's and Frog's failure to make payment under either the 5016 Agreement, the 5016 Guaranty or the 5016 Business Guaranty, U.S. Bank has suffered actual damages equal to the balance due under the 5016 Agreement which is $ 147,358.49, discounted to present value.

20. U.S. Bank is also entitled to prejudgment interest at the rate of twelve percent (12%) per annum, late fees, return of the 5016 Equipment, repossession costs for the 5016 Equipment, and attorneys' fees and costs. *See* Exhibit 2, ¶ 6.

## B. THE XXX8164 EQUIPMENT FINANCE AGREEMENT

21. On or about May 13, 2021, U.S. Bank, as lender, and AIC, as borrower, entered into Equipment Finance Agreement No. XXX8164 (the "8164 Agreement"), wherein U.S. Bank agreed to finance AIC's acquisition of one (1) Frogwire III Computerized Hotwire Cutter (the "8164 Equipment") from Streamline Automation, Ltd. (the "Supplier"). A true and correct copy of the 8164 Agreement is attached hereto as Exhibit 3.

22. To induce U.S. Bank to enter into the 8164 Agreement, Hassanien executed a Continuing Personal Guaranty (the "8164 Guaranty") under which Hassanien personally guaranteed the full and prompt payment and performance of all of AIC's Management's obligations under the 8164 Agreement. *See* Exhibit 3, pg. 1.

23. To further induce U.S. Bank to enter into the 8164 Agreement, Frog executed a Guaranty (By a Business Organization) (the "8164 Business Guaranty") under which Frog guaranteed the full and prompt payment and performance of all of AIC's obligations under the 8164 Agreement. *See* Exhibit 3, pg. 4.

24. U.S. Bank financed AIC's acquisition of the 8164 Equipment from the Supplier, thereby fulfilling its primary obligation under the terms of the Agreement.

25. Subject to the 8164 Agreement, U.S. Bank filed its Notice of Security Interest as to the 8164 Equipment with the Florida Secretary of State on May 13,

2021. A true and correct copy of the State of Florida Uniform Commercial Code Financing Statement Form is attached hereto as Exhibit 4

26. On or about June 18, 2021, AIC took possession of the 8164 Equipment, and from June 18, 2021 to the present, AIC has used the 8164 Equipment to generate revenue for itself.

27. Pursuant to the 8164 Agreement, AIC agreed to make sixty (60) consecutive monthly payments of $ 707.29. *See* Exhibit 3, pg. 1.

28. AIC defaulted on the 8164 Agreement by failing to make all payments when due.

29. Hassanien failed to make payment as required pursuant to the 8164 Guaranty.

30. Frog failed to make payment as required pursuant to the 8164 Business Guaranty.

31. U.S. Bank has made demand on AIC, Hassanien and Frog to pay the current amount due under the 8164 Agreement, however, AIC, Hassanien and Frog have refused to pay said sum, or any part thereof.

32. Failure to make timely payments is an Event of Default under the Agreement and Guaranties . *See* Exhibit 3, ¶ 6.

33. As a result of AIC's, Hassanien's and Frog's failure to make payment under either the 8164 Agreement, 8164 Guaranty or 8164 Business Guaranty, U.S. Bank

,has suffered actual damages equal to the balance due under the 8164 Agreement which is $ 29,005.64, discounted to present value.

34. U.S. Bank is also entitled to prejudgment interest at the rate of twelve percent (12%) per annum, late fees, return of the 8164 Equipment, repossession costs for the 8164 Equipment, and attorneys' fees and costs.  *See* Exhibit 3, ¶ 6.

### COUNT I – BREACH OF CONTRACT
### AGAINST AIC TECHONOLGIES, INC.

35. U.S. Bank adopts and incorporates herein the allegations contained in ¶¶ 7-34 as though fully set forth herein.

36. U.S. Bank has fully performed its obligations under the 5016 Agreement and the 8164 Agreement (hereinafter collectively "the Agreements") by paying the respective Suppliers for the 5016 Equipment and 8164 Equipment (hereinafter collectively the "Equipment.")

37. AIC breached the Agreements by failing to make payments when due.

38. As a proximate result of AIC's breach of the Agreements, U.S. Bank has suffered actual damages of $ 176,364.13, plus prejudgment interest at the rate of twelve percent (12%) per annum from the date of default until entry of judgment, and attorneys' fees and costs.

WHEREFORE, U.S. Bank National Association, d/b/a U.S. Bank Equipment Finance, respectfully requests that this Court enter Judgment in its favor and against AIC Technologies, Inc. in the amount of $ 176,364.13, prejudgment interest at the

rate of twelve percent (12%) per annum from the date of default until entry of judgment, attorneys' fees and costs in an amount to be determined, and to grant such other and further relief which this Court deems just.

### COUNT II – BREACH OF GUARANTY
### AGAINST AMIN HASSANIEN

39. U.S. Bank adopts and incorporates herein the allegations contained in ¶¶ 7-34 as though fully set forth herein.

40. Amin Hassanien defaulted under the 5016 and 8164 Personal Guaranties by failing and refusing to make payments when due.

41. As a proximate result of Hassanien's breach of the 5016 and 8164 Guaranties, U.S. Bank has suffered actual damages of $ 176,364.13, plus prejudgment interest at the rate of twelve percent (12%) per annum from the date of default until entry of judgment, and attorneys' fees and costs.

WHEREFORE, U.S. Bank National Association, d/b/a U.S. Bank Equipment Finance, respectfully requests that this Court enter Judgment in its favor and against Amin Hassanien, individually, in the amount of $ 176,364.13, prejudgment interest at the rate of twelve percent (12%) per annum from the date of default until entry of judgment, attorneys' fees and costs in an amount to be determined, and to grant such other and further relief which this Court deems just.

## COUNT III – BREACH OF GUARANTY
## AGAINST ONE FAT FROG, INC.

42. U.S. Bank adopts and incorporates herein the allegations contained in ¶¶ 7-34 as though fully set forth herein.

43. One Fat Frog, Inc. defaulted under the 5016 and 8164 Business Guaranties by failing and refusing to make payments when due.

44. As a proximate result of Frog's breach of the 5016 and 8164 Business Guaranties, U.S. Bank has suffered actual damages of $176,364.13, plus prejudgment interest at the rate of twelve percent (12%) per annum from the date of default until entry of judgment, and attorneys' fees and costs.

WHEREFORE, U.S. Bank National Association, d/b/a U.S. Bank Equipment Finance, respectfully requests that this Court enter Judgment in its favor and against One Fat Frog, Inc., individually, in the amount of $176,364.13, prejudgment interest at the rate of twelve percent (12%) per annum from the date of default until entry of judgment, attorneys' fees and costs in an amount to be determined, and to grant such other and further relief which this Court deems just.

## COUNT IV – REPLEVIN
## AGAINST AIC TECHNOLOGIES, INC.

45. U.S. Bank adopts and incorporates herein the allegations contained in ¶¶ 7-34 as though fully set forth herein.

46. This claim is brought pursuant to Fla. Stat. § 78.01 to recover the Equipment made applicable to this proceeding pursuant to 28 U.S.C. § 1652, as the Equipment is located in Florida.

47. In the alternative, U.S. Bank brings this claim under Minnesota law, pursuant to Minn. Stat. Ann § 548.04, to the extent this Court decides Minnesota law applies.

48. The fair market value of the Equipment is approximately $158,000.00, depending on its condition.

49. Pursuant to the Agreements, AIC granted U.S. Bank a security interest in the Equipment *See* Exhibit 1, ¶ 3 and Exhibit 3, ¶ 3.

50. Pursuant to the Agreements, upon a default, U.S. Bank is entitled to possession of the Equipment. *See* Exhibit 1, ¶ 6 and Exhibit 3, ¶ 6.

51. U.S. Bank has been unable to secure the Equipment by peaceful means.

52. AIC is wrongfully and unlawfully detaining the Equipment.

53. U.S. Bank has made demand upon AIC for the return of the Equipment, but AIC has failed or refused to return same.

54. U.S. Bank will suffer irreparable damages if the Equipment is not returned to U.S. Bank, because AIC has been unable to pay the amounts owed to U.S. Bank, such that U.S. Bank's only recovery is likely to be from a sale of the Equipment.

55. The Equipment has not been taken for any tax, assessment, or fine levied by virtue of any law of this State, against the property of such plaintiff, or against him

or her individually, nor seized under any lawful process against the goods and chattels of such plaintiff subject to such lawful process, nor held by virtue of any order for replevin against such plaintiff.

56. Upon information and belief, the Equipment is located at 2416 Sand Lake Road, Orlando, Florida 32809.

57. U.S. Bank's right to possession of the Equipment is superior to the rights of AIC.

58. Accordingly, U.S. Bank is entitled to an order and/or writ directing the United States Marshal or other lawful authority to use all necessary force to recover the Equipment, or any portion thereof from 2416 Sand Lake Road, Orlando, Florida 32809, or any other location where the same may be found. If the Equipment is not repossessed, a judgment for damages may be entered against AIC for the value of the Equipment not so returned, plus interest and any attorneys' fees and costs authorized by law, as well as all other and further relief which this Court deems just.

WHEREFORE, U.S. Bank National Association, d/b/a U.S. Bank Equipment Finance, respectfully requests that this Court enter: 1) a final judgment directing the United States Marshal and/or Sheriff, or other lawful authority to use all necessary force, and break any locks, to recover the Equipment or any portion thereof from 2416 Sand Lake Road, Orlando, Florida 32809, or any other location where the Equipment may be found; and 2) if the Equipment is not recovered, a judgment for

damages against AIC Technologies, Inc. for the value of the Equipment, plus interest, and any attorneys' fees and costs authorized by law, as well as all other and further relief which this Court deems just.

## COUNT V – ORDER COMPELLING TURNOVER AGAINST AIC TECHNOLOGIES, INC., AND AMIN HASSANIEN

59. U.S. Bank adopts and incorporates herein the allegations contained in ¶ 3 and ¶¶ 7-34 as though fully set forth herein.

60. The Agreement provides that U.S. Bank may use all remedies available to it under the Uniform Commercial Code ("UCC"), including delivering the Equipment to U.S. Bank upon default. *See* Exhibit 1, ¶ 6 and Exhibit 3, ¶ 6. This Count is brought pursuant to Florida and Minnesota law, which are nearly identical.

61. U.S. Bank demanded return of the Equipment, but AIC failed to return the same.

62. Fla. Stat. Ann. § 679.601(West) provides:

> (1) After default, a secured party has the rights provided in this part and, except as otherwise provided in s. 679.602, those provided by agreement of the parties. A secured party:
>
> (a) May reduce a claim to judgment, foreclose, or otherwise enforce the claim, security interest, or agricultural lien by any available judicial procedure…

63. Minn. Stat. Ann. § 336.2A-525 (West) similarly provides:

> (a) Rights of secured party after default. After default, a secured party has the rights provided in this part and, except as otherwise provided in section 336.9-602, those provided by agreement of the parties. A secured party:
>
>> (1) may reduce a claim to judgment, foreclose, or otherwise enforce the claim, security interest, or agricultural lien by any available judicial procedure. . .

64. Fla. Stat. Ann. § 679.609 (West) further provides:

> (1) After default, a secured party:
>   (a) May take possession of the collateral; and
>   (b) Without removal, may render equipment unusable, and dispose of collateral on a debtor's premises under s. 679.610.
>
> (2) A secured party may proceed under subsection (1):
>   (a) Pursuant to judicial process; or
>   (b) Without judicial process, if it proceeds without breach of the peace.
>
> (3) If so agreed, and in any event after default, a secured party may require the debtor to assemble the collateral and make it available to the secured party at a place to be designated by the secured party, which is reasonably convenient to both parties.

65. Minn. Stat. Ann. § 336.9-609 (West) similarly provides:

> (a) **Possession; rendering equipment unusable; disposition on debtor's premises.** After default, a secured party:
>
>> (1) may take possession of the collateral; and
>>
>> (2) without removal, may render equipment unusable and dispose of collateral on a debtor's premises under section 336.9-610.
>
> (b) **Judicial and nonjudicial process.** A secured party may proceed under subsection (a):
>
>> (1) pursuant to judicial process; or
>>
>> (2) without judicial process, if it proceeds without breach of the peace.

> (c) **Assembly of collateral.** If so agreed, and in any event after default, a secured party may require the debtor to assemble the collateral and make it available to the secured party at a place to be designated by the secured party which is reasonably convenient to both parties.

66. Under the Agreement, AIC is required to deliver the Equipment to U.S. Bank.

67. The Equipment is in AIC's and Hassanien's possession and control. Hassanien, by virtue of being the President of AIC, controls AIC's conduct, including AIC's ability to surrender the Equipment.

68. Because AIC and Hassanien have failed to return the Equipment, U.S. Bank is entitled to an order compelling AIC and Hassanien to return the Equipment to U.S. Bank.

69. U.S. Bank is willing to accept the Equipment at a location selected solely by U.S. Bank, which is reasonably convenient to U.S. Bank, AIC, and Hassanien.

WHEREFORE, U.S. Bank National Association, d/b/a U.S. Bank Equipment Finance, respectfully requests a final judgment compelling AIC Technologies, Inc. and Amin Hassanien to make the Equipment available to U.S. Bank at a time and place directed solely by U.S. Bank within ten (10) days of entry of judgment, as well as all other and further relief which this Court deems just.

Respectfully submitted,

THE LAW OFFICES
    OF RONALD S. CANTER, LLC


/s/ Ronald S. Canter
Ronald S. Canter, Esq.
Bar # 335045
200A Monroe Street, Suite 104
Rockville, Maryland 20850-4424
Telephone: 301.424.7490
Facsimile:  301.424.7470
Email: rcanter@roncanterllc.com


*Local address:*
400 S. Dixie Hwy #332
Boca Raton, Florida 33432

**Counsel for Plaintiff,**
**U.S. Bank National Association, d/b/a**
**U.S. Bank Equipment Finance**